**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

**LAW OFFICE OF ALBERT R. LIMBERG**
Albert R. Limberg, Esq. (211110)
alimberg@limberglawoffice.com
3667 Voltaire Street
San Diego, CA 92106
Telephone: (619) 344-8667
Facsimile: (619) 344-8657

*Attorneys for Plaintiff,*
Vincent Sapp

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**VINCENT SAPP,**

Plaintiff,

v.

**GOLDEN 1 CREDIT UNION; GOLDMAN SACHS BANK USA; LENDINGCLUB CORPORATION; PENTAGON FEDERAL CREDIT UNION; SOFI LENDING CORP.; UPGRADE, INC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,**

Defendants.

**Case No.:** '23CV0187 WQHWVG

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**I. FAIR CREDIT REPORTING ACT;**

**II. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**

**III. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND,**

**IV. CALIFORNIA IDENTITY THEFT ACT**

**JURY TRIAL DEMANDED**

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

3. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

4. VINCENT SAPP ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of GOLDEN 1 CREDIT UNION ("Golden 1")' GOLDMAN SACHS BANK USA ("Goldman Sachs"); LENDINGCLUB CORPORATION ("LendingClub"); PENTAGON FEDERAL CREDIT UNION ("PenFed"); SOFI LENDING CORP. ("SoFi"); EQUIFAX INFORMATION SERVICES LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and, TRANS UNION LLC ("Trans Union") with regard to attempts by Defendants to unlawfully and abusively collect various fraudulent debts from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief except those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); (iii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); and, (iv) California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 since Defendants are subject to personal jurisdiction within the Southern District of California.

## PARTIES

13. Plaintiff is a natural person who resides in Rio Linda, California from whom various debt collectors sought to collect fraudulent consumer debts which are alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); and, Cal. Civ. Code § 1785.3(c).

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. Golden 1 is a credit union operating from the State of California.

17. Goldman Sachs is a bank operating from the State of New York.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

18. LendingClub is a corporation operating from the State of California.

19. PenFed is a credit union operating from the State of Virginia.

20. SoFi is a corporation operating from the State of California.

21. Upgrade is a corporation operating from the State of Arizona.

22. Golden 1; Goldman Sachs; LendingClub; PenFed; SoFi; and Upgrade are each a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

23. Equifax is a corporation located in the State of Georgia.

24. Experian is a corporation located in the State of California.

25. Trans Union is a corporation located in the State of Pennsylvania.

26. Equifax, Experian, and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

27. The causes of action herein also pertain to Plaintiff's consumer credit report in that inaccurate representations of Plaintiff's creditworthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

28. Plaintiff is a victim of an extensive identity theft operation operated by several individuals using multiple aliases.

29. Plaintiff spoke with two such individuals who identified themselves as Ken Phillips and Ted Chen who mislead Plaintiff to believe they could assist Plaintiff with improving his credit.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

30. During these discussions, Plaintiff provided the fraudsters with various pieces of identifying information at their request for the stated purpose of repairing Plaintiff's credit score.

31. The fraudsters unfortunately utilized Plaintiff's identifying information to open several financial accounts in Plaintiff's name but without Plaintiff's knowledge or consent.

32. Thereafter, Plaintiff learned the fraudsters utilized his information to fraudulently obtain more than $100,000 in loans.

33. Given the invasive nature of the fraud, Plaintiff has obtained assistance from the Federal Bureau of Investigation and the Sacramento Police Department.

***Federal Bureau of Investigation***

34. Plaintiff's disputes of the fraud led him to the Federal Bureau of Investigation.

35. Plaintiff eventually learned the fraudsters had defrauded approximately 100 – 500 individuals for a total of over $19,000,000.00.

36. Plaintiff received a written communication dated July 22, 2022 from Elizabeth Appleton ("Appleton"), a Victim Specialist with the FBI.

37. This written communication confirmed that Plaintiff has "been identified as a victim of a federal crime…" and the "case is currently being investigated by the [FBI]."

38. This investigation eventually led to the prosecution of the fraud ring in the matter of *United States of America v. Albert Lugene Lim a.k.a Ted Chen*, Southern District of Texas Case No.: 22-cv-33.

***Sacramento Police Report***

39. Plaintiff also sought the assistance of the Sacramento Police Department.

40. Plaintiff communicated with the police department in July 2022 to report the

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

crimes.

41. Therein Plaintiff explained the basis for Plaintiff's belief that Plaintiff is the victim of identity theft and named the suspects.

42. Plaintiff also provided the document he received from Appleton regarding the FBI's ongoing investigation of Phillips.

***Federal Trade Commission***

43. Plaintiff also completed an Identity Theft Victim's Complaint and Affidavit prepared by the Federal Trade Commission.

44. Plaintiff's initial FTC Identity Theft Complaint and Affidavit was completed on July 26, 2022.

45. Therein, Plaintiff explained the basis for Plaintiff's belief that Plaintiff is the victim of identity theft.

46. Said Affidavit lists the account number, balance, and opening date for each fraudulent account.

47. In addition, Plaintiff also identified Chen, Jeff, and Phillips as the fraudsters.

***The Dispute Process***

48. Plaintiff was unfortunately forced to make significant payments towards these fraudulent debts.

49. Plaintiff believed that he would eventually be absolved of these fraudulent debts since the FBI and the police were involved.

50. Plaintiff began disputing the various fraudulent accounts in or around 2022.

51. These disputes included written and telephonic disputes directly to the furnishers as well as indirect disputes submitted to the Credit Bureaus.

52. In each dispute, including Plaintiff's most recent dispute dated November 10, 2022, Plaintiff explained that he is the victim of identity theft and demanded that the each of the furnisher's accounts be deleted.

53. Plaintiff also provided extensive documentation to support Plaintiff's disputes, including:

- The FBI's Victim Identification Letter;
- The Second Superseding Indictment filed in the Southern District of Texas against Lim AKA Ted Chen and the other fraudsters;
- Plaintiff's prior disputes dated August 18, 2022 and October 10, 2022
- The FTC Identity Theft Report
- The Sacramento Police Report
- A written communication from counsel for Axiom Acquisition Ventures, LLC dated October 31, 2022 honoring Plaintiff's fraud dispute.

54. The Furnishers were then required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

55. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

56. Plaintiff then received the results of the purported investigations conducted by each of the Furnishers and Credit Bureaus in December 2022.

57. Despite receipt of Plaintiff's disputes, Defendants continued inaccurate credit reporting regarding the fraudulent debts to Plaintiff's credit reports.

58. To date, the Furnishers inaccurate credit reporting remains on Plaintiff's Credit Reports.

59. The Furnishers submit inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

60. Each Claimant actively engaged in collection efforts directed towards Plaintiff

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

regarding the fraudulent debts.

61. Through these reporting and collection efforts, each Claimant is continuing to maintain an interest in the fraudulent debts.

62. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

63. Defendants' investigations were unreasonable.

64. More specifically, the Furnishers should have discovered from their own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading.

65. Plaintiff contends that it was unreasonable to not contact Plaintiff for further information if needed; to not contact the Sacramento Police Department; to not contact the Federal Bureau of Investigation; and, to not contact any persons connected to the prosecution of the fraudsters.

66. Accordingly, the Furnishers each failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

67. The Furnishers failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

68. Due to the Furnishers' failure to reasonably investigate, the Furnishers further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

69. By inaccurately reporting account information after notice and confirmation of its errors, the Furnishers failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D) and (E).

70. The Credit Bureaus also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

71. Through this conduct, the Furnishers violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that the Furnishers knew or should know was inaccurate.

72. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

73. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

74. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

75. Through this conduct, the Furnishers violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

76. Through this conduct, the Furnishers violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

§ 1788.17.

77. Through this conduct, Defendant violated Cal Civ. Code § 1798.93.

78. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

79. Defendants continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

80. Defendants continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

81. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

82. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

83. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

84. Defendants' conduct has caused Plaintiff pecuniary loss.

85. Defendants' conduct has caused Plaintiff emotional distress.

86. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

87. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

88. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and embarrassment continue to this day because these large charge-offs mischaracterize Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

89. Moreover, Plaintiff is incredibly concerned that the outstanding debts will have a direct impact on Plaintiff's employment.

90. Despite Plaintiff's repeated attempts, Defendants continue to report fraudulent debts to Plaintiff's credit report.

91. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

92. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

93. By intentionally reporting continuing obligations, Defendants acted in conscious disregard for Plaintiff's rights.

94. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

95. The continued pursuit of Plaintiff through direct collection efforts and credit reporting despite the fraudulent nature of these accounts shows that the

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

Furnishers took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

96. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

99. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

100. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**COUNT II**

**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE § 1785.1, ET SEQ.**

**[AGAINST THE FURNISHERS]**

101. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

102. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

103. In the regular course of its business operations, the Furnishers routinely furnishes information to credit reporting agencies pertaining to transactions between the Furnishers and the Furnishers' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

104. Because the Furnishers is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), the Furnishers is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

105. Since the Furnishers received all documents required to determine the inaccuracy of the Furnishers' reporting, the Furnishers should have known to update said reporting.

106. the Furnishers also should have determined that the Furnishers' reporting was inaccurate through review of their own account notes and records; and, as a

result of the information provided with Plaintiff's disputes.

## COUNT III
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
## [AGAINST THE FURNISHERS]

107. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

108. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

109. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from the Furnishers.

## COUNT IV
## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE § 1798.92-1798.97
## [AGAINST THE FURNISHERS]

110. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

111. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

112. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial,

pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5),
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c); and,
- Any and all other relief the Court deems just and proper.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**TRIAL BY JURY**

113. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 1, 2023

Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF